UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gwendolyn R. Reddic,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>UNLV, et al.,<br><br>　　　　　　　Defendant. | Case No. 2:25-cv-00853-RFB-MDC<br><br>**ORDER DENYING PLAINTIFF'S IFP APPLICATION (ECF NO. 5) AND SCREENING PLAINTIFF'S COMPLAINT (2-1)** |

Pro se plaintiff Gwendolyn R. Reddic filed a renewed *Application to Proceed In Forma Pauperis* ("IFP"). *ECF No. 5*. The Court denied plaintiff's IFP application as incomplete. *ECF No. 4*. Plaintiff's renewed IFP application is still incomplete, so the Court denies plaintiff's renewed IFP application without prejudice. For plaintiff's benefit, the Court also screens plaintiff's complaint. The Court **DISMISSES** plaintiff's complaint (ECF No. 2-1) with leave to amend and **DENIES** the renewed IFP application (ECF No. 5) without prejudice.

I.    DISCUSSION

  A. Legal Standard

When a plaintiff seeks to proceed IFP, the court must screen the complaint or the amended complaint purporting to cure any defects of the original complaint. 28 U.S.C. § 1915(e). Section 1915(e) states that a "court shall dismiss the case at any time if the court determines that (A) the allegations of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(A), (B)(i)-(iii). Dismissal for failure to state a claim under § 1915(e) incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule

12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts have limited subject matter jurisdiction and may determine if jurisdiction exists at any time during the proceedings. See, e.g., Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). "We presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316, 111 S. Ct. 2331, 2336, 115 L. Ed. 2d 288 (1991) (internal quotation marks and citations omitted). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183, 80 L. Ed. 1135, 56 S. Ct. 780 (1936)).

A federal court may exercise either federal question jurisdiction or diversity jurisdiction. Pursuant to 28 U.S.C. § 1331, district courts have federal question jurisdiction when a "civil action[] aris[es] under the Constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal

jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 475, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912 (1998) (internal quotations and citations omitted). Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction when [1] parties are diverse and [2] "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." *Id*. Diversity jurisdiction "require[s] complete diversity between all plaintiffs and defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606, 613, 163 L. Ed. 2d 415 (2005). This means that plaintiff cannot be a citizen of the same state as any defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Courts in this district have established that the state university system, including UNLV, operates as a branch of the Nevada state government and is a state instrumentality or agency within the meaning of the Eleventh Amendment. *See, e.g., Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 883. n. 7 (9th Cir. 2004) (noting Nevada System of Higher Education is immune from suit under the Eleventh Amendment). To the extent a plaintiff is seeking injunctive relief, the Eleventh Amendment does not bar that claim. See *Gamage v. Nevada ex rel. Board of Regents of Nevada Sys. of Higher Ed.*, (Jan 21, 2014) (*citing Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)).

**B. Plaintiff's IFP Application**

The Court previously denied plaintiff's IFP application. *ECF No. 4*. The Court ordered plaintiff to complete the Court's long form IFP application and that plaintiff must (1) answer all questions on the long form with detailed explanations about her income and expenses and (2) that she cannot leave any questions blank. *Id.* at 3. Plaintiff did not comply with the Court's order. Plaintiff did not file the long form application. She did not provide the detailed explanations requested. She continues to leave

3

questions blank.  The Court will give plaintiff one more opportunity to file the long form, provide the required details, and to answer all questions on the long form, per the Court's prior Order. *ECF No. 4*.

### C. Plaintiff's Complaint

Reading plaintiff's complaint liberally, she appears to bring this case under diversity jurisdiction, as this case pertains to injuries she sustained in a car crash in a parking lot at the University of Nevada, Las Vegas ("UNLV"). *ECF No. 2-1*. Plaintiff does not allege any federal claims and she does not allege the citizenship of each of the defendants. She does allege that her claims are worth more than $75,000. Plaintiff, however, lives in Nevada and has liberally alleged that she is citizen of Nevada. Plaintiff does not allege the citizenship of the defendants, and it is not clear if there is diversity of citizenship. Plaintiff also does not show how she can overcome UNLV's sovereign immunity as she does not seek injunctive relief. Plaintiff has the burden of establishing that this Court has jurisdiction. The plaintiff has not established federal question or diversity jurisdiction. In an abundance of caution given plaintiff's pro se status, the Court will give plaintiff an opportunity to amend to show that this Court has jurisdiction over her claims.

**IT IS SO ORDERED:**

1. Plaintiff Gwendolyn Reddic's renewed *Application to Proceed In Forma Pauperis* (ECF No. 5) is DENIED without prejudice.

2. Plaintiff's complaint (ECF No. 2-1) is **DISMISSED** without prejudice with leave to amend, as discussed in this Order.

3. That plaintiff has until **November 20, 2025**, to file (1) either a renewed IFP application on the long form or pay the filing fee and (2) an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint and a renewed IFP application that addresses the deficiencies noted in this Order may result in a recommendation for

4

dismissal.

4. The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

DATE: October 21, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**